O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **TRENTON W. MILLER,** | ) | NO. EDCV 07-1405-MAN |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | AND ORDER |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Plaintiff filed a Complaint on October 31, 2007, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for supplemental security income ("SSI"). On January 7, 2008, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on August 6, 2008, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, in the alternative, remanding the matter for further administrative proceedings; and defendant seeks an order affirming the Commissioner's decision. The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS AND DECISION**

On May 19, 2005, plaintiff protectively filed an application for SSI. (Administrative Record ("A.R.") 356, 734.) Plaintiff alleges an onset disability date of May 19, 1995, due to asthma-emphysema, chronic back pain, mild hypertension, left shoulder pain, right hand old fracture, history of hepatitis C, history of coronary heart disease, and a depressive disorder.[1] (Joint Stipulation ("J.S.") at 2; A.R. 502.) Plaintiff has no past relevant work experience. (A.R. 362.)

Plaintiff's claims were denied initially and upon reconsideration, and on June 15, 2007, plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Gail Reich ("ALJ"). (A.R. 730-73.) On July 16, 2007, the ALJ issued an unfavorable decision. (A.R. 356-64.) The Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision. (A.R. 348-50.)

In her written decision, the ALJ found that plaintiff has the following severe impairments: asthma-emphysema; chronic back pain; mild hypertension; left shoulder pain; right hand old fracture; history of hepatitis C; history of coronary heart disease; and a depressive disorder. (A.R. 358.) The ALJ further found that plaintiff has the residual functional capacity to:

---

[1] In his SSI application, plaintiff asserted an alleged onset date of disability of December 1, 1999. However, at the hearing, plaintiff amended his alleged onset date to May 19, 2005. (A.R. 356, 502, 733-34.)

>     perform light work with standing and walking six hours, no
>     power gripping, frequent overhead reaching with the left upper
>     extremity, posturals are limited to frequent, right hand
>     limited to frequent for fine and gross manipulation and avoid
>     exposure too [*sic*] moderate concentration of irritants.
>     Further, [plaintiff] is limited to a low stress environment
>     with minimal interaction with others, no contact with the
>     general public and simple repetitive tasks.

(A.R. 359.)

Based upon plaintiff's age, education, work experience, residual functional capacity, and the testimony of the vocational expert, the ALJ found that plaintiff is capable of performing work as a photo copy machine operator, collator, and assembler. (A.R. 363, 772.) Accordingly, the ALJ concluded that plaintiff has not been under a disability since May 19, 2005. (A.R. 363.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). While inferences from the

record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice. <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." <u>Desrosiers v. Sec'y of Health and Human Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988); *see also* <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." <u>Orn</u>, 495 F.3d at 630; *see also* <u>Connett</u>, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* <u>Stout v. Comm'r</u>, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* <u>Burch</u>, 400 F.3d at 679.

///
///

**DISCUSSION**

Plaintiff alleges the following three issues: (1) whether the ALJ properly considered the findings of State agency physician John R. Ford, M.D.; (2) whether the ALJ properly considered the findings of State agency psychiatrist H. Amado, M.D.; (3) and whether the ALJ posed a complete hypothetical question to the vocational expert. (J.S. at 2.)

**I.  The ALJ Failed To Provide Legally Sufficient Reasons For Disregarding The Findings Of The State Agency Physician And Psychiatrist.**

   **A.   The Legal Standard**

Pursuant to the Commissioner's regulations:

> Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists. However, State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence . . . .

20 C.F.R. § 416.927(f)(2)(i).

Moreover, Social Security Regulation 96-6p makes plain that, although administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, administrative law judges and the Appeals Council "*may not ignore these opinions and must explain the weight given to the opinions in their decisions.*"  *Id.* (emphasis added).

**B.   State Agency Physician John Ford, M.D.**

Plaintiff contends that the ALJ erred in failing to discuss the findings of Dr. Ford. (J.S. at 3-4.) For the following reasons, the Court agrees.

On July 26, 2000, in a Physical Residual Functional Capacity form, Dr. Ford indicated that, *inter alia*, plaintiff is limited in his ability to handle and finger with his right hand and should avoid concentrated exposure to hazards, such as machinery, heights, etc. (A.R. 235-36.) However, the ALJ's decision is devoid of any mention, much less any discussion, of Dr. Ford's findings. As the ALJ's provided no reason(s) for omitting Dr. Ford's conclusions, it is unclear whether the ALJ properly considered Dr. Ford's opinion in accordance with 20 C.F.R. § 416.927(f)(2)(i).

Defendant contends that the ALJ's silence with respect to Dr. Ford's findings was justified, because Dr. Ford's opinion was not consistent with the remainder of the evidence and, thus, was not entitled to significant weight. (J.S. at 5.) Even if Defendant's contention is correct, the ALJ is still bound by 20 C.F.R. §

416.927(f)(2)(i), as well as SSR 96-6p, to explain how she reached her conclusions.  Indeed, defendant's statement that "the ALJ is not required to discuss every piece of evidence in the record" (J.S. at 5) appears to be nothing more than a tacit concession of the ALJ's omission.

Accordingly, remand is required for the ALJ to set forth legally sufficient reasons, if any, for rejecting Dr. Ford's opinion.

**C.   State Agency Psychiatrist H. Amado, M.D.**

Plaintiff contends that the ALJ erred by selectively discussing the opinion of Dr. Amado (J.S. at 7-8, 10), and the Court agrees.

On December 22, 2005, in a Mental Residual Functional Capacity Assessment Form, Dr. Amado opined that plaintiff is moderately limited in his ability to:  understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods of time; and interact appropriately with the general public.  (A.R. 686-87.)

However, in discussing Dr. Amado's findings, the ALJ failed to discuss the bulk of these moderate limitations.  Rather, in her decision, the ALJ merely stated:

> The State Agency psychiatric consultant reviewed the medical
> evidence on December 22, 2005 and concluded that [plaintiff's]
> mental impairments caused only mild restriction in

>     [plaintiff's] activities of daily living and moderate
>     difficulties in maintaining social functioning and caused
>     moderate difficulties in maintaining concentration,
>     persistence or pace.

(A.R. 361.)

While the ALJ's representation of Dr. Amado's opinion is not entirely inaccurate, it plainly omits any discussion of significant limitations found by Dr. Amado and the weight accorded by the ALJ to Dr. Amado's conclusions regarding such limitations. *See* Reddick v. Chater, 157 F.3d 715, 723 (9th Cir. 1998)(reversing and remanding case, because ALJ's paraphrasing of the record was "not entirely accurate regarding the content or tone of the record"); *see also* Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984)(holding that it was error for an ALJ to ignore or misstate competent evidence in the record to justify his conclusion). Because it is unclear whether the ALJ properly considered Dr. Amado's opinion in accordance with the appropriate legal standards, remand is appropriate.

**II. Until The ALJ Has Properly Considered The Opinions Of Drs. Ford And Amado, The Court Can Not Assess The Adequacy Of The Hypothetical Posed To The Vocational Expert.**

In posing a hypothetical to a vocational expert, the ALJ must accurately reflect all of the claimant's limitations. Embrey v. Bowen, 849 F.2d 418, 422-24 (9th Cir. 1988). For the vocational expert's testimony to constitute substantial evidence, the hypothetical question

posed must "consider all of the claimant's limitations." Andrews, 53 F.3d at 1044 (holding that hypothetical questions that do not include all of plaintiff's limitations are insufficient and warrant remand).

Here, the hypothetical *may* be incomplete to the extent that it does not reflect appropriately, in whole or in part, the opinions of Drs. Ford and Amado. (A.R. 770-72.) On remand, the ALJ should either properly reject their opinions in accordance with the appropriate legal standards, or the ALJ must incorporate plaintiff's limitations, as diagnosed by Drs. Ford and Amado, into the hypothetical posed to the vocational expert.

**III. Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

Where, as in this case, the opinions of State agency physicians

and/or psychiatrists were rejected without having been properly addressed, remand is appropriate to allow the ALJ the opportunity to provide legally sufficient reasons, if such reasons exist, for rejecting the opinions of the State agency physicians. In addition, on remand, the ALJ should ensure that the hypothetical provided to the vocational expert reflects all the plaintiff's limitations, as discussed above. *See, e.g.*, Light v. Soc. Sec. Admin., 119 F.3d 789, 793-94 (9th Cir. 1997)(remanding where vocational expert's testimony did not address all limitations).

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 12, 2009

/s/
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE